COURTESY CAB CO. *v.* WILLIS.

1. INJUNCTION—USE OF TRADE NAME.

In suit by nonprofit corporation whose members were taxicab operators which sought to enjoin defendant from using its name or insignia on a taxicab, it was error to dismiss bill merely because defendant had not been a member and then been dismissed from membership in the corporation pursuant to procedure prescribed by its constitution, where bill alleged he was not a member and his answer admitted he never purchased any stock in plaintiff corporation.

2. CORPORATIONS—INJUNCTION—AUTHORITY.

Bill for injunctive relief against defendant *held,* to have been duly authorized by plaintiff nonprofit corporation by signature of president authorized to do so.

3. INJUNCTION—USE OF TRADE NAME AND INSIGNIA.

Nonprofit corporation whose members were taxicab operators *held,* to have established right to injunctive relief against defendant who used their name and insignia, hence dismissal of bill before defendant presented his side of the case was error.

Appeal from Wayne; Richter (Theodore J.), J. Submitted January 10, 1947. (Docket No. 65, Calendar No. 43,493.) Decided April 8, 1947.

Bill by Courtesy Cab Company, a Michigan corporation, against Hudson Willis to restrain defendant from using name or insignia of Courtesy Cab Company. Bill dismissed. Plaintiff appeals. Reversed and remanded.

*Alonzo D. Pettiford,* for plaintiff.

Injunction as remedy for infringement upon use of trade name or insignia, see 3 Restatement, Torts, § 744.

*Louis A. Gottlieb, Louis Tucker (Charles J. Goodman,* of counsel), for defendant.

NORTH, J.   In this suit plaintiff seeks injunctive relief and an accounting.   At the conclusion of the testimony offered by plaintiff the bill of complaint was dismissed on defendant's motion.   Plaintiff has appealed.

The plaintiff Michigan nonprofit corporation, located in Detroit, was organized in 1934 for the following purposes:

"To associate in the taxicab, business and transportation of all kinds.   To run schools for service to cars and taxicabs, and to run and operate garages and gasoline stations for the said service, not for pecuniary profit but for the general advancement of the individual member (not to engage in the taxicab business as a corporation, but to associate men who are engaged in the taxicab and transportation business)."

The articles of incorporation authorized the company to issue 125 shares of common stock of the par value of $10 per share.   At the time of organization four incorporators subscribed and paid for 25 shares each, the balance of the authorized stock remained unissued.   The corporate setup is such it is obvious that only shareholders were members of the corporation.   Defendant herein has never owned any stock in the corporation.   Subsequent to incorporation the then stockholders adopted a so-called constitution and bylaws.   Article 5 of the constitution contained the following:

"1.   This corporation shall have the power to establish auxiliary branch and an association to operate under its control and direction within the scope and authority of the company, when such auxiliaries or branches, as the case may be, shall extend

the service and operations of the company and redound to the benefit of the stockholders and the service and patrons of the company.

"Any such auxiliary becoming rebellious or any member thereof acting in opposition or rebellion to the work and authorities of this corporation, may be forthwith called before the board of directors, and dismissed, and in such case, all authority and insignia of the corporation is revoked, and insignia may be taken from and off the member or members' car forthwith on dismissal."

In carrying on its business plaintiff company maintained parking stations and telephone service for the use of its members, and on each of the taxis operated by a member there was certain "insignia" indicating that the cab was one operated by a member of the "Courtesy Cab Company." The amended bill of complaint alleges that defendant Willis is not a member of the Courtesy Cab Company in that he has not purchased any stock of the company and that he refuses to make such purchase; and that for over two years defendant has operated a taxicab "in violation to the Courtesy Cab Company, using their insignia and doing business as part of the cabs of the Courtesy Cab Company, in direct violation of their chartered rights, though the said company has made repeated demands upon the said violator, the defendant herein, that he cease from using the chartered name of the Courtesy Cab Company on their [his] taxicabs, the insignia of said company on his taxi cab, the telephone number of the Courtesy Cab Company on his cabs," notwithstanding defendant was ordered to desist from so doing by plaintiff company.

While it does not appear that plaintiff company at any time established an auxiliary branch or association, as provided in article 5 above quoted, the trial judge in passing upon defendant's motion to

dismiss assumed that there was such an auxiliary branch or association, that defendant was a member thereof—as defendant claimed, and that plaintiff could not seek relief in the court as against defendant until he had first been cited before the board of directors, had a hearing, and been dismissed as a member of the corporation. Since the bill of complaint specifically alleges: "That the defendant, Hudson Willis, is not a member of the Courtesy Cab Company" and since defendant's answer admits that he never purchased any stock therein, and there being no showing of an auxiliary body or membership of defendant therein, it must be concluded that the trial judge was in error in finding that plaintiff could not seek injunctive relief in a court of equity until the corporation had first taken proceedings under the proper portion of article 5 of its so-called constitution.

There is no merit to defendant's contention that the instant suit was instigated by the president of the corporation without first having obtained corporate authority so to do and that therefore the suit should be dismissed. The uncontradicted testimony of the corporation president is as follows:

"I signed the original bill for the Courtesy Cab Company on behalf of the corporation and by authority of the corporation and it was ordered that the attorney for the Courtesy Cab Company draw the bill to be put in court."

The testimony given in behalf of plaintiff in the circuit court as it stood unexplained and undisputed was such as to entitle plaintiff to injunctive relief. But if, in accordance with our holding herein, the trial court had denied the motion to dismiss, defendant would thereupon have had an opportunity to present his side of the case, and in equity we think he should now be given an opportunity so to do.

The decree entered in the trial court is vacated and, for the reason above indicated, the cause is remanded for such further proceedings in the trial court as may be deemed proper and final decree in accord with the equities as disclosed. Appellant may have costs of this Court.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.